UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TRACY E. ROGERS, ) | |
| ) | |
| Movant, ) | |
| ) | No. 16-1189-JDT-jay |
| VS. ) | Crim. No. 07-10076-JDT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Tracy E. Rogers. For the reasons stated below, the Court DENIES the § 2255 motion.

On November 1, 2007, Rogers entered a plea of guilty to one count of possessing firearms after conviction of a felony, in violation of 18 U.S.C. § 922(g). (No. 07-10076, Crim. ECF Nos. 19 & 20.) At the sentencing hearing on February 1, 2008, the Court determined, based on his extensive criminal history, that Rogers qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. He was sentenced to a 190-month term of imprisonment and a three-year period of supervised release. (No. 07-10076, Crim. ECF Nos. 24 & 25.) No direct appeal was filed. However, Rogers filed this § 2255 proceeding *pro se* on June 29, 2016,

contending that his sentence is unlawful under the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1.)

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings (§ 2255 Rules). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

Twenty-eight U.S.C. § 2255(f) contains a one-year limitations period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> . . . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

. . . .

The ACCA requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"), (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated offenses clause"), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *Id.*, § 924(e)(2)(B)(i)-(ii). In *Johnson v. United States*, the Supreme Court held the ACCA's residual clause is unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. 135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). Therefore, Rogers's § 2255 motion based on *Johnson* is timely filed under 28 U.S.C. § 2255(f)(3).

The Presentence Report (PSR) prepared by the Probation Office in this case shows that at the time of his conviction in this case, Rogers had thirteen prior Tennessee convictions for aggravated burglary as well as five prior Tennessee burglary convictions.

3

It previously was the law in the Sixth Circuit that Tennessee aggravated burglary qualified as a categorical violent felony under the ACCA's enumerated offenses clause, not under the residual clause. *See United States v. Sawyers*, 409 F.3d 732 (2005). However, the Sixth Circuit later held, in *United States v. Stitt*, 860 F.3d 854, 860-61 (6th Cir. 2017) (en banc), that Tennessee aggravated burglary was broader than generic burglary and no longer counted as a categorical violent felony under the ACCA. *Id.* at 862. The Supreme Court granted certiorari and reversed, holding that Tennessee aggravated burglary is a categorical violent felony under the ACCA. *United States v. Stitt*, 139 S. Ct. 399, 406-08 (2018).

Based on the Supreme Court's decision in *Stitt*, Rogers's thirteen prior aggravated burglary convictions were properly counted under the ACCA. It is therefore unnecessary to determine whether his burglary convictions also are ACCA predicates.

Having considered Rogers's § 2255 motion and the entire record in this case, the Court finds he is not entitled to relief. 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. The § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the

required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issues raised in this § 2255 motion are not debatable for the reasons stated; therefore, the Court DENIES a certificate of appealability. It is also CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that an appeal in this case by Rogers would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Rogers chooses to appeal, he must either pay the full $505 appellate filing fee to this Court or file a motion to proceed *in forma pauperis* and supporting affidavit directly in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE